# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# MISSOULA DIVISION

| | |
|---|---|
| TIMOTHY LONG JAW,<br><br>Plaintiff,<br><br>vs.<br><br>ROBERT L. DESCHAMPS, III,<br><br>Defendant. | Cause No. CV 10-00137-M-DWM-JCL<br><br>FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE TO DENY MOTION TO PROCEED IN FORMA PAUPERIS AND DISMISS COMPLAINT |

This matter comes before the Court on Plaintiff Timothy Long Jaw's proposed Complaint (Court Doc. 1) and Motion to Proceed in Forma Pauperis (Court Doc. 3).

## I. Motion to Proceed in Forma Pauperis

Permission to proceed in forma pauperis is discretionary with the Court. *See* 28 U.S.C. § 1915(a). "A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987).

A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32, 104 L.Ed.2d 338 (1989); *see also Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th

PAGE 1

Cir. 1998) (per curiam) (concluding that the district court did not abuse its discretion by denying in forma pauperis application where plaintiff lacked standing, and complaint was barred by res judicata and judicial immunity).

## II.  Statement of the Case

### A.  Parties

At the time he filed his complaint, Mr. Long Jaw was incarcerated in the Missoula County Detention Facility.  He is now incarcerated at Montana State Prison.

The named Defendant is Judge Robert L. Deschamps with the Montana Fourth Judicial Court in Missoula County.

### B.  Factual Background and Allegations

Mr. Long Jaw alleges Judge Deschamps committed libel, violated Title 21 of the United States Code, and violated Mont. Code Ann. § 45-8-212 (criminal defamation) by filing an Order on July 1, 2010 in Montana Fourth Judicial District Court.  Mr. Long Jaw argues libel is a federal crime and is not protected by the First Amendment.

## III.  Analysis

Mr. Long Jaw's claims fail as a matter of law.  First, Long Jaw seeks monetary relief from a defendant who, under the circumstances, is immune from

PAGE 2

such relief.  Judge Deschamps is entitled to judicial immunity for all actions arising from his judicial activities regarding Mr. Long Jaw's criminal proceedings.  Judges are absolutely immune from suit for judicial actions taken by them in the course of their official duties in connection with a case, unless those actions are taken in the complete absence of all jurisdiction.  *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991).  The issuance of an order denying a motion in a criminal case is clearly within Judge Deschamps' official duties.[1]

Moreover, Mr. Long Jaw does not present a federal claim.  Defamation and/or libel are not federal claims under section 1983.  *See Paul v. Davis*, 424 U.S. 693, 701, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976).  Section 1983 "imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law."  *Baker v. McCollan*, 443 U.S. 137, 146, 99 S.Ct. 2689, 2695, 61 L.Ed.2d 433, 443 (1979).  Damage to reputation, standing alone, cannot state a claim for relief under section 1983 because reputation is neither a property interest nor a liberty interest guaranteed against

---

[1] Judicial immunity does not bar claims for injunctive relief.  *See Pulliam v. Allen*, 466 U.S. 522 (1970).  But Mr. Long Jaw seeks monetary not injunctive relief.  As such, judicial immunity bars Mr. Long Jaw from proceeding against Judge Deschamps in this action.  *Pierson v. Ray*, 386 U.S. 547, 554 (1967).

PAGE 3

state deprivation without due process of law. *Johnson v. Barker*, 799 F.2d 1396, 1399 (9th Cir. 1986).

To the extent Mr. Long Jaw seeks to bring any state law claims in this Court, those claims should also be dismissed. Mr. Long Jaw failed to state a federal claim for relief and therefore the exercise of supplemental jurisdiction over any remaining state law claims is unnecessary. 28 U.S.C. § 1367(c)(3). The Court should decline to exercise supplemental jurisdiction over any state law claims and dismiss them without prejudice to Mr. Long Jaw refiling them in state court.

These defects cannot be cured by the allegation of other facts. As such, the proposed Complaint is without merit, the motion to proceed in forma pauperis should be denied, and this matter dismissed.

## IV.  Certification Regarding Appeal

The Federal Rules of Appellate Procedure provide as follows:

[A] party who was permitted to proceed in forma pauperis in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>  (A) the district court-before or after the notice of appeal is filed-certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis and states in writing its reasons for the certification or finding;

Fed.R.App.P. 24(a)(3)(A).

Analogously, 28 U.S.C. § 1915(a)(3) provides "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is an objective one. *See Coppedge v. United States*, 369 U.S. 438, 445 (1962). A plaintiff satisfies the "good faith" requirement if he or she seeks review of any issue that is "not frivolous." *Gardner v. Pogue*, 558 F.2d 548, 551 (9th Cir. 1977) (quoting *Coppedge*, 369 U.S. at 445). For purposes of section 1915, an appeal is frivolous if it lacks any arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325, 327, 109 S.Ct. 1827 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1225 (9th Cir. 1984).

Mr. Long Jaw's failure to state a federal claim against a Defendant who is not immune is so clear no reasonable person could suppose an appeal would have merit. Therefore, the Court should certify that any appeal of this matter would not be taken in good faith.

**V.  Address Changes**

Mr. Long Jaw must immediately advise the Court of any change of address and its effective date. Such notice shall be captioned "NOTICE OF CHANGE OF ADDRESS." The notice shall contain only information pertaining to the change of address and its effective date, except if Mr. Long Jaw has been released from custody, the notice should so indicate. The notice shall not include any motions

PAGE 5

for any other relief. Failure to file a NOTICE OF CHANGE OF ADDRESS may result in the dismissal of the action for failure to prosecute pursuant to Fed.R.Civ.P. 41(b).

Based upon the foregoing, the Court issues the following:

### RECOMMENDATIONS

1. Mr. Long Jaw's Motion to Proceed in Forma Pauperis (Court Doc. 3) should be **DENIED** and this matter **DISMISSED** for failure to state a federal claim and because Judge Deschamps is entitled to judicial immunity.

2. The Clerk of Court should be directed to close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

3. The Clerk of Court should be directed to have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith. The record makes plain the instant Complaint is frivolous as it lacks arguable substance in law or fact.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Mr. Long Jaw may serve and file written objections to these Findings and Recommendations within fourteen (14) days of the date entered as indicated on the Notice of Electronic Filing. As this deadline

allows a party to act after the Findings and Recommendations is served, it falls under Fed.R.Civ.P. 6(d). Therefore, three (3) days are added after the period would otherwise expire.

Any such filing should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge and may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 5th day of January, 2011.

　　　　　　　　　　　/s/ Jeremiah C. Lynch
　　　　　　　　　　Jeremiah C. Lynch
　　　　　　　　　　United States Magistrate Judge