**FILED**

FEB 04 2011

PATRICK E. DUFFY, CLERK
By_____
DEPUTY CLERK, MISSOULA

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | | |
|---|---|---|
| TIMOTHY LONG JAW, | ) | CV 10-137-M-DWM-JCL |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| ROBERT L. DESCHAMPS, III, | ) | |
| | ) | |
| Defendant. | ) | |

Plaintiff Timothy Long Jaw, a state prisoner proceeding pro se, brought this action under 42 U.S.C. § 1983, alleging Judge Robert L. Deschamps committed libel, violated Title 21 of the United States Code (drug abuse prevention and control), and violated Mont. Code Ann. § 45-8-212 (criminal defamation) when Judge Deschamps denied a motion in Long Jaw's criminal proceeding in the Montana Fourth Judicial District Court. Pursuant to 28 U.S.C. § 636(b), the matter was referred to Magistrate Judge Lynch, who issued Findings and Recommendation on January 5, 2011. Judge Lynch found the claim fails as a matter of law because (1) Judge Deschamps is entitled to judicial immunity, and

1

(2) the complaint fails to state a cause of action under § 1983. Judge Lynch thus recommended the action be dismissed. Long Jaw timely objected to the Findings and Recommendation on January 24, 2011, and is therefore entitled to de novo review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). Because I agree with Judge Lynch's analysis and conclusions, I adopt his Findings and Recommendation in full. The parties are familiar with the factual and procedural background of this case, so it will not be restated here.

Long Jaw objects that Judge Deschamps violated his "individual capacity" and shows "contempt." It is unclear what specified findings or recommendations Long Jaw means to challenge. Regardless, Long Jaw does not dispute the fatal defects Judge Lynch identified, with which I agree: Judge Deschamps is entitled to judicial immunity under these circumstances and the complaint fails to state a violation actionable under § 1983.

I find no clear error in Judge Lynch's remaining findings and recommendations.

The Prison Litigation Reform Act prohibits prisoners from bringing forma pauperis civil actions if the prisoner has brought three or more actions in federal court that were dismissed for frivolousness, maliciousness, or for failure to state a claim. 28 U.S.C. § 1915(g). Long Jaw's claims are frivolous and malicious as

brought against Judge Deschamps given the clear applicability of judicial immunity. Furthermore, the complaint fails to state a federal claim. Therefore, this case will be designated as a strike.

Accordingly, IT IS HEREBY ORDERED that Judge Lynch's Findings and Recommendation (dkt #5) is adopted in full. In accordance with those recommendations, IT IS ORDERED that:

1. Long Jaw's Motion to Proceed in Forma Pauperis (dkt #3) is DENIED and this matter is DISMISSED;

2. The Clerk of Court shall close this matter and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure;

3. The Clerk of Court is directed to have the docket reflect that this dismissal counts as a strike pursuant to 28 U.S.C. § 1915(g); and

4. The Clerk of Court shall have the docket reflect that the Court certifies pursuant to Fed.R.App.P. 24(a)(3)(A) that any appeal of this decision would not be taken in good faith.

Dated this 4th day of February, 2011.

Donald W. Molloy, District Judge
United States District Court

3